**Rosalba Corona VASQUEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72304.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 2009.

Filed April 28, 2009.

As Amended on Denial of Rehearing and Rehearing En Banc Aug. 17, 2009.

Ashwani K. Bhakhri, Joseph John Siguenza, Esquire, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, Vernon Henry Granneman, Bennett S. Miller, Pillsbury Winthrop Shaw Pittman LLP, Palo Alto, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul F. Stone, Esquire, Jamie M. Dowd, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: D.W. NELSON, BERZON and CLIFTON, Circuit Judges.

MEMORANDUM *

Rosalba Corona Vasquez, a citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA"), simultaneously dismissing her appeal of an immigration judge's ("IJ") order granting voluntary departure and denying her motion to reopen, which the BIA treated as a motion to remand. Corona argues that the IJ violated the applicable regulations and her due process rights by failing to advise her of her eligibility to apply for asylum.[1] For the reasons provided below, we disagree.

■ 1. Although Corona did not cite the relevant regulatory provision in her filings before the BIA, she presented a sufficiently clear explanation of what, in her view, the IJ did wrong to put the BIA on notice of her claims. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183–84 (9th Cir.2001) ("We hold that even though Socop never specifically invoked the phrase 'equitable tolling' in his briefs to the BIA, he sufficiently raised the issue before the BIA to permit us to review the issue on appeal."). Corona has therefore exhausted her administrative remedies.

■ 2. IJs are required by regulation to advise aliens that they may apply for asylum or withholding of removal if (1) "the alien expresses fear of persecution or harm upon return to any of the countries to which the alien might be removed," and (2) "the alien has not previously filed an application for asylum or withholding of removal that has been referred to the immigration judge by an asylum officer." 8 C.F.R. § 1240.11(c)(1). Corona argues that her fear of persecution was "expresse[d]" in the letter attached to her husband's application for asylum, thus triggering the IJ's advisal obligation. *Id.* The letter, however, discusses only Corona's *husband's* fear for his safety and that of his family. Neither in that letter, nor in any other document submitted to the IJ, nor in any of the proceedings before the IJ did Corona herself "express[ ] fear of persecution or harm upon return" to Mexico. *Id.*

On the contrary, at the same hearing in which her husband withdrew his application for asylum, Corona withdrew her application for cancellation of removal and sought voluntary departure to ·Mexico. Before granting voluntary departure, the IJ expressly confirmed Corona's understanding that "the only alternative relief that you will have is voluntary departure[.]" Corona answered, "Yes." Corona and her husband were represented by counsel throughout the proceedings, and Corona has not made any claim of ineffective assistance of counsel. Under these circumstances, Corona's failure to express any fear of returning to Mexico means that the IJ's regulatory obligation under 8 C.F.R. § 1240.11(c) was never triggered.

■ 3. Nor did the IJ deprive Corona of her due process right to a fair hearing. We have held that "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum . . . violates both INS regulations and the constitutional right to due process," *Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir.1999), but we have never held that the constitutional right to due process requires anything more than is required by 8 C.F.R. § 1240.11(c). Even if due process does require something more under certain circumstances, we can discern no due process violation here. Corona was repre-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Corona also argued that the BIA erred by reducing her voluntary departure period from 120 days to 30 days. The government now represents that Corona has been granted 90

sented by counsel throughout, has never alleged that her representation was inadequate, *cf. Andriasian*, 180 F.3d at 1041 (citing *Kossov v. INS*, 132 F.3d 405, 408–09 (7th Cir.1998)), and was expressly advised by the IJ of the consequences of her and her husband's withdrawals of their applications for relief.[2] We therefore conclude that the IJ did not violate Corona's due process rights.

DENIED.

---

days after the issuance of this court's mandate to depart, which will have the effect of restoring the full 120-day period. In response, Corona concedes that her claim is moot. We therefore do not address its merits.

**2.** We do not reach the question of prejudice. *See Agyeman v. INS*, 296 F.3d 871, 884–85 (9th Cir.2002).

